IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JONATHAN JEFFRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:12-cv-2323-JDT-tmp |
| | ) | |
| SHELBY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $350 CIVIL FILING FEE

_____

On April 24, 2012, Jonathan Jeffries, booking number 10150382, who is incarcerated

in the Shelby County Justice Center ("Jail") in Memphis, Tennessee, filed a *pro se* complaint

pursuant to 42 U.S.C. § 1983 and motion to proceed *in forma pauperis*.  (Docket Entries 1

& 2.)

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b),

a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C.

§ 1914(a).  Although the obligation to pay the fee accrues at the moment the case is filed, see

McGore v. Wriggleworth, 114 F.3d 601, 605 (6th Cir. 1997), the PLRA provides the prisoner

the opportunity to make a "down payment" of a partial filing fee and pay the remainder in

installments.  Id. at 604.  However, in order to take advantage of the installment procedures,

the prisoner must properly complete and submit to the district court, along with the

complaint, an *in forma pauperis* affidavit containing a certification by the prison trust account officer and a copy of his inmate trust fund statement for the last six months.  28 U.S.C. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff does not contain a certification by the prison trust account officer and is not accompanied by a copy of Plaintiff's trust account statement.  Accordingly, Plaintiff is ORDERED to submit, within thirty (30) days after the date of this order, either an *in forma pauperis* affidavit containing a certification by the trust account officer and a copy of his trust account statement for the last six months or the entire $350 civil filing fee.  The Clerk is directed to provide Plaintiff with another copy of the prisoner affidavit form along with this order.

If Plaintiff fails to comply with this order in a timely manner, the Court will assess the entire filing fee without regard to the installment payment procedures and will dismiss the action for failure to prosecute under Fed. R. Civ. P. 41(b).  McGore, 114 F.3d at 605.[1]

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1]Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee.  McGore, 114 F.3d at 607; see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).